# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ONUR AVCIL, | : | |
| | : | CIVIL ACTION NO.: |
| Plaintiff, | : | |
| | : | 1:14-CV-03135-LMM-JSA |
| | : | |
| CHIPOTLE MEXICAN GRILL, | : | JURY TRIAL DEMANDED |
| INC. and KYLE REDDEN, | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFFS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND BRIEF IN SUPPORT THEREOF

COMES NOW, Plaintiff, Onur Avcil ("Plaintiff" or "Avcil") and files this Motion for Judgment on the Pleadings and Brief in Support Thereof and states as follows:

## I.  INTRODUCTION

Plaintiff filed his Complaint against Defendants on September 30, 2014. (Docket No. 1). Defendant filed an Answer containing thirty-one (31) of what are styled as Additional Defenses. (Docket No. 2). Of these, at least the following six are entirely without basis or support either in the allegations in the Complaint or in the Answer. Defendant has failed to plead any factual basis for these defenses, as provided in Rule 8(b)(1) and (c)(1), or they are without merit on their face or both. As stated in the Answer, the defenses which are the subject of this Motion are:

### THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTEENTH DEFENSE

Plaintiff is estopped from asserting any cause of action against Defendants and/or that Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### NINETEENTH DEFENSE

Plaintiff's claims may be barred by the applicable statutes of limitations or statute of repose.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims for damages are barred or must be reduced on account of the collateral source rule.

## II. ARGUMENT AND CITATION OF AUTHORITY

Just like Plaintiffs, Defendants are required to adhere to the pleading requirements set forth in Federal Rule of Civil Procedure 8 ("Rule 8"). Rule 8 requires that a plaintiff plead her claim for relief, in pertinent part, with a short and

plain statement. *See* Fed. R. Civ. P. 8(a)(2). With indistinguishable language, Fed. R. Civ. P. 8(b)((1)(A) requires that a defendant, in pertinent part, must state in short and plain terms its defenses. The two requirements are essentially identical.

### A. The General Rule Of Pleading Affirmative Defenses

It has long been the law in this Circuit that an affirmative defense is not sufficiently pled based merely on the denials of Plaintiff's allegations. "Although absolute specificity in pleading is not required, fair notice of the affirmative defense is." *Automated Med. Labs. v. Armour Pharm. Co.*, 629 F.2d 1118, 1122 (5th Cir. 1980) (citing Rule 8(c)). Further, "an affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). This was the law even before *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (holding that pleadings that offer labels and conclusions or formulaic recitation of a cause of action will not do, nor does a pleading suffice if it tenders naked assertions devoid of further factual enhancement) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (holding that Rule 8 does not authorize a pleader's bare averment that she wants relief and is entitled to it) tightened pleading requirements further.

In *Twombly*, the Supreme Court recognized the minimal standards imposed by Federal Rule 8(a)(2) but simultaneously acknowledged that "[f]actual allegations

must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 127 S. Ct. at 1965. Pursuant to Rule 8(b), the same standard should be applied to affirmative defenses. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). Rule 8 therefore not only requires a plaintiff to plead with sufficient detail but likewise commands that Defendant must also give fair notice and the factual grounds of the nature of its defense. *Automated Med. Labs. v. Armour Pharm. Co.*, 629 F.2d 1118, 1122 (5th Cir. 1980) (citing Rule 8(c)).

Defendant, like Plaintiff, bears the burden of fashioning a pleading which is more than a boilerplate or shotgun pleading. Just as Plaintiff will ultimately bear the burden of proving each element of his case, Defendant will bear the burden of proving its defenses. *Tello v. Dean Witter Reynolds, Inc*., 410 F.3d 1275, 1292 (11th Cir. 2005) (explaining that the defendant bears the burden of proving an affirmative defense). The purpose of a requirement for more than boilerplate language in a complaint and in the assertion of affirmative defenses is to place the other side on notice of sufficient facts to give a fair opportunity to engage in discovery or, alternatively, to ensure that there is actually a good faith basis for pleading the defense.

For both sides, the standard simply requires that enough facts be set forth to raise a reasonable expectation that discovery will reveal evidence of the required

element.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  As such, the Court should strike any shotgun affirmative defenses.  *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 995 (11th Cir. Ala. 2008) (holding that the court should have struck plaintiff's shotgun complaint *and* defendant's answer fashioning shotgun affirmative defenses).

Federal Rule of Civil Procedure 12(c) permits a party to file a motion for judgment on the pleadings after the pleadings are closed but early enough so as not to delay the trial.  A court must limit its consideration to the pleading in question, the written instruments attached to it as exhibits, "documents incorporated ... by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  In determining the merits of the motion, a court must "accept all factual allegations . . . as true." *Tellabs, Inc.*, 551 U.S. at 323.

However, "the tenet that a court must accept as true all of the allegations contained in a [pleading] is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed.

2d 929 (2007)).  Thus, the Supreme Court has replaced the "no set of facts" standard with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." (*Id*. 127 S.Ct. at 1965).  Accordingly, the allegations must provide sufficient factual detail so as to identify the factual basis for the contention and plausibly suggest that claim or defense is meritorious.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Boyd v. Peet*, 249 Fed. Appx. 155 (11th Cir. 2007).

Shortly after *Twombly*, courts began to apply the stricter pleadings requirements to affirmative defenses as well.  This seems only fair, as the Rules are intended to assist the Courts in dispensing "even handed justice." *Poller v. Columbia Broadcasting Sys., Inc.*, 368 U.S. 464, 473, 7 L. Ed. 2d 458, 82 S. Ct. 486 (1962) and the law prior to *Twombly* held that the pleading requirements were the same. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999), citing *Automated Med. Labs. v. Armour Pharm. Co.*, 629 F.2d 1118, 1122 (5th Cir. 1980). Rule 8(e) specifically requires that "[p]leadings must be construed so as to do justice," and there seems no reason, consistent with "even handed justice" for imposing a higher burden on a Defendant in pleading an affirmative defense than would apply to a Plaintiff's pleading of a claim. Thus, a

"majority of district courts that have addressed this question have answered in the affirmative." *Bradshaw v. Hilco Receivables, LLC*, __ F. Supp. 2d __, 2010 U.S. Dist. LEXIS 75553, 2010 WL 2948181, at *3 (D. Md. July 27, 2010); see also *Francisco v. Verizon South, Inc.*, Civil Action No. 3:09cv737, 2010 U.S. Dist. LEXIS 77083, 2010 WL 2990159, at *6, nn.3-4 (E.D. Va. July 29, 2010) (identifying eighteen district court decisions extending the standards to affirmative defenses and seven decisions that have declined to do so). The arguments in favor of extending Twombly and Iqbal to affirmative defenses are compelling:

> [T]he purpose of pleading sufficient facts in an affirmative defense is to give fair notice to the opposing party that there is some plausible, factual basis for the assertion and not simply to suggest some possibility that it might apply to the case. Thus, in addition to increasing litigation costs, [b]oilerplate defenses clutter [the] docket; they create unnecessary work, and in an abundance of caution require significant unnecessary discovery. Consequently, when such defenses are alleged, the Court must address what are often unnecessary motions for summary judgment and extend pretrial conferences in order to narrow the issues. Therefore, the Court needs some statement of the underlying facts in order to focus the scope of discovery, particularly when a defendant alleges more than nineteen defenses, due to the growing tendency to assert such boilerplate defenses.

*Castillo v. Roche Labs., Inc.*, No. 10-20876-CIV, 2010 U.S. Dist. LEXIS 87681, 2010 WL 3027726, at *3 (S.D. Fla. Aug. 2, 2010) (quotations and citations omitted) (second and third alterations in original).

*Ahle v. Veracity Research Co.*, 2010 U.S. Dist. LEXIS 88250 (D. Minn. 2010).

Affirmative defenses are also subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed R. Civ. P. 8(b)(1)(A).

> Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

*Hansen v. ABC Liquors, Inc.*, 2009 U.S. Dist. LEXIS 108954 (M.D.Fla. 2009); *see also Montreal v. SK Foods, LLC*, 2009 U.S. Dist. LEXIS 106577 (N.D. Ill. 2009); *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620, 2008 U.S. Dist. LEXIS 7343 (S.D.N.Y. 2008); *Fogel v. Linnemann (In re Mission Bay Ski & Bike, Inc.)*, 2009 Bankr. LEXIS 2495 (Bankr. N.D. Ill. Sept. 9, 2009). Thus, affirmative defenses which require a factual showing and where no such showing is made in the answer are subject to dismissal on a motion for judgment on the pleadings. *Id.*

In the instant matter, however, Defendant failed to plead *any* facts to support the above-referenced affirmative defenses. Defendant did not even provide "[t]hreadbare recitals of the elements" of the defenses, instead merely slapping on a label and calling it a defense. Defendant also interposed frivolous and baseless defenses, not supported by law. Accordingly, this Court should GRANT Plaintiff's motion for judgment on the pleadings.

### B. The Particular Affirmative Defenses At Issue

Some of the following Affirmative Defenses require that Defendant ultimately bear the burden of proof, yet Defendant failed even to plead the elements of the

defenses, much less provide even a hint of any facts which might ultimately support the defenses. Further, some of them are not pled with sufficient specificity to permit Plaintiff to understand the legal basis for the defense, much less the factual basis. The remainder are simply not defenses to the claims pled by Plaintiff. Judgment should be entered for Plaintiff on these defenses.

### 1. The After-Acquired Evidence Defense

THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

Argument:

After-acquired evidence is a defense which applies to cut off reinstatement or back pay in a discrimination or retaliation claim, based on information unknown to the employer at the time of the termination, but which would have, by itself, caused the employer to terminate the employee had it been aware of such information. *McKennon v. Nashville Banner Publ. Co.*, 513 U.S. 352, 115 S. Ct. 879, 886 (1995). Defendants have failed to assert any facts which would support the defense, which requires, inter alia, a showing that "wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone." How it would apply to this case under any set of facts, or the claims to which it would purportedly apply, is a mystery.

Further, this is not a defense which can be created through discovery or for which discovery may be used as a fishing expedition. In *Maxwell v. Health Ctr. Of Lake City, Inc.*, 2006 U.S. Dist. LEXIS 36774 (M.D. Fla. 2006), the defendant attempted to discover the plaintiff's personnel records from other employers in order to help provide information relevant to its after-acquired evidence defense. 2006 U.S. Dist. LEXIS at *13-14. Following the U.S. Supreme Court's holding in *McKennon*, the *Maxwell* court held that the defendant "failed to assert any pre-existing basis for the belief that after-acquired evidence of Plaintiff's wrongdoing exists… [and as such] cannot use this doctrine to initiate discovery that is otherwise not relevant." Id. at *14. In reaching this conclusion, the Court also cited to *Premer v. Corestaff Services, L.P.*, 232 F.R.D. 692, 693 (M.D. Fla. 2005), that held the doctrine "should not be used as an independent basis to initiate discovery" but rather must have "some pre-existing basis to believe that after-acquired evidence exists before it can take on additional discovery." Id. at *14; *see also Rivera v. NIBDCO, Inc.*, 364 F.3d 1057 (9th Cir. 2004) ("*McKennon* authorizes district courts to invoke the Federal Rules of Civil Procedure when necessary to prevent employers from using the discovery process to engage in wholesale searches for evidence that might serve to limit is damages for its wrongful conduct."); *Miller v. AT&T*, 83 F.Supp.2d 700, 706 (S.D. W.Va. 2000) (the after-acquired evidence doctrine is not intended to

be used as a fishing expedition by employers to find wrongful conduct on the part of terminated employees for the purpose of limiting damages); *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006) ("[T]he discovery rules do not permit [a party] to go on a fishing expedition.")

Defendants have not identified any basis for the defense nor even which of the Counts of Plaintiff's Complaint to which it contends the Thirteenth Defense applies, contrary to Rule 8(b)(1)(A) and 10(b). Because Defendants have failed to adequate plead this defense, judgment should be entered in favor of Plaintiff on this defense.

### 2. The "Unclean Hands" Defense

In deciding the effect of the after-acquired evidence defense discussed above, the Supreme Court ruled that "unclean hands" could not preclude employer liability or bar relief in an employment discrimination case. *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 356-57, 115 S. Ct. 879 (1995). Thus, as it relates to Plaintiff's claims under federal law, this defense is unavailable, is frivolous, and judgment should be granted on that basis.

Further, the doctrine of "unclean hands" is a defense solely to *equitable* relief. Plaintiff's claims for equitable relief are limited to his claims under federal law, as to which this defense (as shown above) does not apply. Plaintiff's state law claims

solely seek *monetary* relief, with regard to which the defense of unclean hands is not available. *Hasty v. Castleberry*, 293 Ga. 727, 730 (2) (742 SE2d 676) (2013).

> Here, Joan filed an action at law against William seeking only money damages. Because this is an action at law, the equitable defenses of laches and unclean hands have no application here. *Marsh v. Clarke County School Dist.*, 292 Ga. 28, 29-30 (732 SE2d 443) (2012) ("[I]nasmuch as laches is an equitable defense, it cannot be applied to actions at law."); *Holmes v. Henderson*, 274 Ga. 8, 8-9 (1) (549 SE2d 81) (2001) ("The equitable doctrine of unclean hands … has no application to an action at law") (footnote omitted).

*Id.*, 293 Ga. At 729.  Therefore, Defendants assertion of this defense is neither supported by any facts nor any legal argument.  It is frivolous on its face and judgment on the defense should be awarded to Plaintiff.

### 3. The Estoppel Defense, Type Unknown

#### FIFTEENTH DEFENSE

Plaintiff is estopped from asserting any cause of action against Defendants and/or that Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

Although pled as such, estoppel cannot be characterized as a single defense. Instead, there are several defenses which have estoppel as an element, but these defenses each have different requirements, elements, and application.  O.C.G.A. §24-14-26 enumerates the estoppel defenses recognized under Georgia law:

(b) Estoppels include presumptions in favor of:

   (1) A record or judgment unreversed;

    (2) The proper conduct of courts and judicial officers acting within their legitimate spheres;

    (3) The proper conduct of other officers of the law after the lapse of time has rendered it dangerous to open the investigation of their acts in regard to mere formalities of the law;

    (4) Ancient deeds and other instruments more than 30 years old, when they come from proper custody and possession has been held in accordance with them;

    (5) Recitals in deeds, except payment of purchase money, as against a grantor, sui juris, acting in his or her own right, and his or her privies in estate, in blood, and in law;

    (6) A landlord's title as against his or her tenant in possession;

    (7) Solemn admissions made in judicio; or

    (8) Admissions upon which other parties have acted, either to their own injury or to the benefit of the persons making the admissions.

Estoppels also include all similar cases where it would be more unjust and productive of evil to hear the truth than to forbear investigation.

These estoppel defenses include, at a minimum, what are known as promissory estoppel, equitable estoppel, collateral estoppel, and judicial estoppel.

    Defendants have not identified which of these defenses they intended to assert by the label "estoppel." As a result, Plaintiff is simply unable to ascertain, from the pleading, the legal *or* the factual basis for the defense(s) raised by the Fifteenth Defense; the claims to which it (they) is/are intended to apply; or anything other than

the fact that Defendants have inserted a label and called it a defense. Accordingly, the Fifteenth Defense has been pled in violation of Rule 8(b)(1)(A) and 10(b). Because Defendants have failed to adequate plead this defense, judgment should be entered in favor of Plaintiff on this defense.

### 4. Waiver

#### SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

On this defense, Plaintiff does not even know where to begin. According to the defense, all or some or part of unspecified claims are barred by "waiver". There is no indication which claims or parts of claims are barred; what conduct by Plaintiff constituted or potentially constituted a waiver of those unknown claims or parts of claims; or what, if anything, supports the assertion that something was waived. This is hardly "fair notice of the affirmative defense…" *Automated Med. Labs. v. Armour Pharm. Co.*, 629 F.2d 1118, 1122 (5th Cir. 1980)

Defendant might as well have asserted that "Plaintiff's claims are barred, in whole or in part, because they are." Plaintiff would have had equivalent notice of the nature of the defense and as much information on which to base his discovery efforts. Pleading in this manner is wholly inadequate and fails to meet any requirement of even the most basic notice pleading. Accordingly, the Fifteenth

Defense has been pled in violation of Rule 8(b)(1)(A) and 10(b).  Because Defendants have failed to adequate plead this defense, judgment should be entered in favor of Plaintiff on this defense.

### 5. Statute Of Limitations or Repose

NINETEENTH DEFENSE

Plaintiff's claims may be barred by the applicable statutes of limitations or statute of repose.

Defendants' assertion that a statute of limitation or statute of repose may bar Plaintiff's claims is contrary to the clear and unmistakable facts asserted in the Complaint, admitted in the Answer, and of which the Court may take judicial notice. Mr. Avcil began his employment with Defendants on January 8, 2013. (Doc. 1, ¶ 7; Doc. 5, ¶ 7).  His employment continued at least until April 2, 2013.  (Doc. 1, ¶ 34; Doc. 5 ¶ 34, 35).  Plaintiff's state law claims have a two year statute of limitations. O.C.G.A. § 9-3-33.  Plaintiff's Section 1981 claims have a four year limitations period.  *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 124 S. Ct. 1836, 158 L. Ed. 2d 645 (2004); *Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336,  (11th Cir. 2008).

Plaintiff has specifically alleged that he filed a timely EEOC Charge and that this lawsuit was brought within 90 days of his receipt of the Notice of Right to Sue. Defendant has failed to provide any factual basis for claiming otherwise.  Plaintiff

filed this lawsuit on September 30, 2014, less than two years after he began working for Defendants. Accordingly, the Nineteenth Defense has been pled in violation of Rule 8(b)(1)(A) and 10(b). Because Defendants have failed to adequate plead this defense and the indisputable facts show that it could not be pled in good faith, judgment should be entered in favor of Plaintiff on this defense.

### 6. The Purported Defense Of The "Collateral Source Rule"

Defendant's Twenty-Sixth Defense is as follows:

TWENTY-SIXTH DEFENSE

Plaintiff's claims for damages are barred or must be reduced on account of the collateral source rule.

The collateral source rule is a doctrine that precludes a tortfeasor from offsetting its liability by a payment to the injured from a third party. *Bennett v. Haley*, 132 Ga. App. 512, 522 (16) (208 SE2d 302) (1974) (plaintiff can recover damages from tortfeasor notwithstanding receipt of Medicaid benefits); *McGlohon v. Ogden*, 251 Ga. 625, n. 1 (308 SE2d 541) (1983) (tortfeasor cannot reduce liability because plaintiff received payments from other sources). In Title VII cases, it precludes an offset for collateral source payments such as unemployment compensation or Social Security benefits. *Dominguez v. Tom James Co.*, 113 F.3d 1188, 1190-91 (11th Cir.1997). It is not, however, under any stretch of the imagination, a defense. Therefore, the assertion that the collateral source rule is a

defense is nonsensical, contrary to law, and, accordingly, the "defense" should be stricken.

## III. CONCLUSION

As shown above, the Defenses which are the subject of this Motion are without factual and/or legal support in Defendant's Answer or are contrary to law. As a result, Plaintiff's Motion for Judgment on the Pleadings should be GRANTED and judgment entered for Plaintiff as to these Defenses.

Respectfully submitted this day, February 4, 2015.

By: */sMatthew C. Billips*
Matthew C. Billips
**BILLIPS & BENJAMIN, LLP**
Georgia Bar No. 057110
3101 Towercreek Parkway, Suite 190
Atlanta, Georgia  30339
(770) 859-0751(telephone)
(770) 859-0752 (facsimile)
Billips@bandblawyers.com
ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ONUR AVCIL, | : | |
| | : | CIVIL ACTION NO.: |
| Plaintiff, | : | |
| | : | 1:14-CV-03135-RWS-JSA |
| | : | |
| CHIPOTLE MEXICAN GRILL, | : | JURY TRIAL DEMANDED |
| INC. and KYLE REDDEN, | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF FONT COMPLIANCE
REQUIRED BY LOCAL RULE 7.1D AND SERVICE**

In accordance with Local Rule 7.1D, I hereby certify that the foregoing was prepared with one of the font and point selections approved by the Court in Local Rule 5.1B. Specifically, it was prepared with Times New Roman, 14 point.

I further certify that I electronically filed the foregoing **PLAINTIFFS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND BRIEF IN SUPPORT THEREOF** with the Clerk of Court using the CM/ECF system which will automatically send email or other notification of such filing to the following attorneys of record:

        Ronald G. Polly, Jr.
        Hawkins Parnett Thackston & Young LLP
        4000 SunTrust Plaza
        303 Peachtree Street, NE
        Atlanta, GA 30308

Served this day, February 4, 2015.

                    By:    */sMatthew C. Billips*
                              Matthew C. Billips
                              **BILLIPS & BENJAMIN, LLP**
                              Georgia Bar No. 057110
                              3101 Towercreek Parkway, Suite 190
                              Atlanta, Georgia  30339
                              (770) 859-0751(telephone)
                              (770) 859-0752 (facsimile)
                              Billips@bandblawyers.com
                              ATTORNEY FOR PLAINTIFF